ISIDORE ZWILLING, Respondent, *v.* JOHN HARRISON et al., Appellants.

(Argued December 11, 1935; decided January 14, 1936.)

*Harold Ashare, John R. Vunk* and *William A. Earl* for John Harrison et al., appellants.

*Clarence E. Mellen* and *Frederick Mellor* for Bertha Seligman, appellant. The trial court erred in submitting the issue of the defendant Seligman's negligence to the jury. (*Queeney* v. *Willi*, 225 N. Y. 374.)

*Thomas A. Shaw, Jay S. Jones* and *Edward J. Fanning* for respondent. It was the duty of the defendant Bertha Seligman to be on the alert and to keep her car under reasonable control at all times, so as to prevent a collision such as occurred here. (*Moebus* v. *Herrmann*, 108 N. Y. 349; *Baker* v. *Close*, 204 N. Y. 92.)

O'BRIEN, J. Plaintiff recovered judgment against all three defendants. The material question is whether any evidence sustains the verdict against defendant Seligman. Plaintiff is her father and was injured in a collision between a truck owned by defendant Silver Rod Stores, Inc., and operated by defendant Harrison and a car driven by Mrs. Seligman in which plaintiff was a guest. The truck and the car were proceeding in a westerly direction through

Canal street in New York city, each traveling at a rate of twelve to fourteen miles an hour. The Seligman car was six and a half feet behind the truck. There were three lines of traffic proceeding in each direction. At the intersection of Canal and Varick streets a police sign prohibited left turns into Varick street. Nevertheless the chauffeur of the truck, without giving any signal, turned to his left into Varick street and stopped short. Defendant jammed on her brakes but was unable to stop her car in time to prevent the collision. This is the version narrated by plaintiff's witnesses and adopted by his counsel in his brief.

Clearly a question of negligence by the driver of the truck was presented to the jury. But how was Mrs. Seligman guilty of any negligence? No jury is warranted in adopting the view that twelve or fourteen miles is an excessive rate of speed even in a congested city thoroughfare. It is most conservative driving. This defendant was not bound to foresee the probability of traffic violation by the truck in front of her. Unless she should be deemed an insurer of the safety of her guest, her proximity within six and a half feet of the slowly moving truck, under the conditions of traffic as they existed at the time and location of this accident, cannot justify a conclusion of failure to keep her car under control or any other type of failure to act with reasonable care. Of course at any time a car ahead may violate the law by a sudden stop without signaling, but when such an event occurs the circumstances constitute, as to the rear car, nothing more than an accident for which its driver cannot fairly be held blameworthy. If this defendant was negligent, then there is not a careful driver in New York. It is not inconceivable that a driver of the highest possible skill could have stopped this car in time to avoid collision with the car ahead, but this defendant was not bound to possess such extraordinary ability. She was bound to use no more than reasonable care under the circumstances, and no evidence of her failure to conform with such a standard can be found in this record.

The judgment against defendants Silver Rod Stores, Inc., and Harrison should be affirmed, with costs, and the judgments against defendant Seligman should be reversed and the complaint as against said defendant dismissed, with costs in all courts.

CRANE, Ch. J., LEHMAN, HUBBS, LOUGHRAN and FINCH, JJ., concur; CROUCH, J., not sitting.

Judgment accordingly.