### SOUTHERN UNDERWRITERS v. HOOPES et al.

### No. 10812.

Court of Civil Appeals of Texas. Galveston.
Oct. 13, 1938.

Rehearing Denied Nov. 3, 1938.

Battaile & Burr, of Houston, for plaintiff in error.

Devereaux Henderson and Morris Pepper, both of Houston, for defendants in error.

GRAVES, Justice.

This appeal in a compensation case, advanced here pursuant to this Court's Rule XI(c), is from a judgment awarding claimants compensation against the insurer, entered on a jury's verdict in response to special issues, wherein it had been found that claimants' husband and father, William D. Hoopes, deceased, had sustained a compensable injury on April 14 of 1937, from which he afterwards died, while in the course of his employment for J. B. Handley, a subscriber under the Compensation Law, Vernon's Ann.Civ.St. art. 8306 et seq., whose risks as such employer were carried by such insurer.

Inveighing here against that adverse judgment below, the insurer, the Southern Underwriters, through a total of ten propositions, makes in substance these three contentions:

(1) There was no evidence, or at least insufficient evidence, to support the finding of the jury, under special issue No. 3, that at the time of such alleged injury the deceased had a pre-existing diseased condition of his heart, which, under the law, was an indispensable prerequisite, since the undisputed evidence showed that his death had resulted from a heart affection—coronary occlusion—which could not have been caused by the work he was then performing, in the absence of such pre-existing heart disease.

(2) There was no evidence, or at least insufficient evidence, to sustain the finding of the jury, under special issue No. 2, that at the time of such alleged injury the deceased had strained his heart in lifting a heavy timber, which, under the claimants' pleadings, was an indispensable prerequisite, since they had therein predicated their right to a recovery solely on the averment that he had sustained such a strain, thereby causing damage or harm to the physical structure of his body.

(3) There was no evidence, or at least insufficient evidence, to support the finding of the jury, under special issue No. 11, that the death of the deceased was not caused solely by disease.

None of these contentions, it is determined, should be sustained; in view of what seems to this Court to be the plain

sufficiency of the evidence to support the verdict in each and all of the three challenged particulars, the argument of plaintiff in error's .able counsel, though syllogistic and logical from the premises chosen, is inept in the selection of that foundation for it; it would serve no useful purpose to here undertake to detail the great body of the evidence upon which these three findings rest, nor even a recapitulation of it, but it is deemed sufficient to point out that it has been carefully and laboriously gone through, with the resulting finding stated.

The testimony was of two kinds, that of three physicians who spoke as experts, two of whom in response to hypothetical questions only, one both in response to such questions and upon his own examination of the deceased; second, that of deceased's wife—a trained nurse, who spoke both as an expert and as an ordinary observer—together with several other unskilled witnesses who spoke from knowledge of the facts, and observation of and experiences with the deceased; in addition, as a third species of evidence, certain statements of the deceased himself immediately after the claimed accident were admitted under the rule of res gestae.

■ (1) The physicians referred to, Drs. Brumby, Alvarez and Van Werden, all testified to the effect that the deceased, Hoopes, had a pre-existing disease of the heart at the time he lifted the heavy timber; it is true this testimony was based upon hypothetical questions, but, in accordance with the claimants' declared-upon cause of action, these embraced all of the material facts both direct and circumstantial which the evidence fairly tended to show; wherefore, it was properly classable as expert or opinion evidence and came within the exception to the rule forbidding an inference to be based upon inference that plaintiff in error relies upon in this connection; such testimony as to the fact of a pre-existing disease was entitled, therefore, to consideration, and was not only entitled to consideration by the jury but was sufficient of itself to support their finding thereon under issue No. 3; 19 Tex. Jur. pp. 18, 19, sec. 6, and p. 437, sec. 284, also p. 27, sec. 10; 45 Tex.Jur. secs. 98 and 99, pp. 492–497; Texas Employers' Ins. Ass'n v. Parr, Tex.Com.App., 30 S.W.2d 305; Southwestern Surety Co. v. Owens, Tex.Civ.App., 198 S.W. 662, error refused; Georgia Casualty Co. v. Mixner, Tex.Civ. App., 289 S.W. 420, error refused; 17 Tex.

Jur. pp. 889, 890, sec. 403; Jones Evidence (Third Edition), secs. 370 and 392; 19 Tex. Jur. p. 447, sec. 294, citing in support of the text the following cases: Gulf R. Co. v. Abbott, Tex.Civ.App., 146 S.W. 1078, error refused; St. Louis R. Co. v. Kiser, Tex. Civ.App., 136 S.W. 852, error refused; Theago v. Royal Ind. Co., Tex.Civ.App., 70 S.W.2d 473; Texas Employers Ins. Ass'n v. Shifflette, Tex.Civ.App., 91 S.W.2d 787.

This is true, notwithstanding the fact that the other unskilled witnesses referred to, including the deceased's wife, all testified that he had been, so far as they knew or had observed, a strong, healthy man up until the time of his claimed injury on April 14, since none of them were qualified to testify as to the actual physical condition of deceased's heart from a medical standpoint.

■ (2) The testimony of deceased's employers, Handley and Sample, and his own res gestae statements made to one of these, showing the circumstances attending his lifting and carrying of the heavy sill at the time he was found unable to go on with his work on April 14, together with his complaints of pains in his left shoulder and over his heart immediately after lifting the sill, coupled with the testimony of Mrs. Hoopes and Dr. Van Werden as to his appearance and symptoms after having been carried to the Houston Clinic that day, as well as later to St. Joseph's Infirmary, added to the unanimous testimony of all three of the medical witnesses that he had died from coronary occlusion, constituted ample support for the jury's stated finding on issue No. 2 that the deceased had strained his heart while lifting the sill; 17 Tex. Jur. pp. 166, 167, sec. 6, p. 248, sec. 57; Wigmore on Evidence, sec. 41, p. 112; Mc-Cormick and Ray on Texas Law of Evidence, pp. 858, 859, sec. 670; Southwestern Surety Co. v. Owens, Tex.Civ.App., 198 S. W. 662; Norwich Co. v. Smith, Tex.Com. App., 12 S.W.2d 558; Texas Employers' Ins. Ass'n v. Davidson, Tex.Civ.App., 288 S.W. 471; Jones Evidence (Third Edition) secs. 370 and 372; Maryland Cas. Co. v. Rogers, Tex.Civ.App., 86 S.W.2d 867; Texas Employers' Ins. Ass'n v. Jiminez, Tex.Civ.App., 267 S.W. 752.

■ (3) That the deceased's death was not caused solely by disease seems to necessarily follow from the preceding findings, on sufficient evidence, that he so had the pre-existing disease of the heart, that

on the occasion in question he had suffered the strain to his heart from lifting of the heavy timber that caused damage to the physical structure of his body, and that each of these had been a direct and contributing cause of his death; further discussion, therefore, is deemed unnecessary, since these findings differentiate this case on the facts, as well as the law, from that adversely relied upon in this connection, that is, Southern Casualty Company v. Flores, Tex.Com.App., 1 S.W.2d 260.

These conclusions require an affirmance of the learned trial court's judgment; it will be so ordered.

Affirmed.

PLEASANTS, C. J., absent.