## MASSACHUSETTS BONDING & INSURANCE CO. v. MASSEY et al.

### No. 9777.

Circuit Court of Appeals, Fifth Circuit.

Nov. 19, 1941.

Rehearing Denied Jan. 12, 1942.

448

Bert King, of Wichita Falls, Tex., for appellant.

Grady Owen, of Brownwood, Tex., for appellees.

Before FOSTER and HUTCHESON, Circuit Judges, and DAWKINS, District Judge.

HUTCHESON, Circuit Judge.

The suit was under the Texas Workmen's Compensation Act, Vernon's Ann.Civ.St. Tex. art. 8306 et seq., for the death of plaintiff's decedent, a pumper and oil lease foreman. The claim was that injuries received by the decedent in the course of his employment contributed to his death and the death was therefore compensable. The defense was a denial that this was so, and a claim that the death was not accidental and compensable but was the natural result of a physical weakness or illness, a bad heart condition.

There was evidence that, though the deceased did not know it, he had been for some time, before August 31, 1939, affected with a bad heart condition; that on that day, he had exerted himself considerably and at its close, had complained of being unusually weary, and for some time thereafter had suffered from rather severe heart attacks; that he was treated for his heart condition, part of the treatment being rest and relaxation; that he returned to light duties about October 15, 1939, and about a month later put in a trying and strenuous day, supervising, and assisting in, the installation of a cooler at the place of his employment, following which he suffered from weariness and discomfort. There was evidence too, that on November 28, 1939, the engine which furnished the power for the operation of the oil lease, of which deceased was foreman, went dead; that deceased worked on it all that day until late into the night; that it stopped again on the morning of the 29th; that he returned to work and worked on it until 11 o'clock; that he came into the house to take off his wet clothes, remained there about 10 or 15 minutes, went out to the garage to see about the oil tanks; and that a few minutes thereafter he was found dead by the side of his car.

A physician testified: That the deceased had a rather severe form of heart disease; that he had recommended absolute rest in bed; that any degree of activity steps up the heart rate; and that increased activity or exertion would step it up more and make it more dangerous. He further testified that work, if it involves any exertion or interference with rest, would have a definite bearing on impairing his heart further;

that anything that interferes or puts an extra load on the heart, which exertion or manual labor or work of any nature would do, would certainly be a contributing factor to a patient's heart failure.

Upon this evidence, defendant moved for a directed verdict. The motion was denied, there was a verdict and judgment, and defendant has appealed assigning as error the refusal of the motion for instructed verdict and the admission of evidence, not however over appellant's objection, of the early exertions plaintiff had undergone in August and November. The point on the motion for an instructed verdict is, that the evidence fails to point to any exertion or activity which could have caused any physical injury or damage to plaintiff's decedent, or which subjected him in the course of his employment to any other or further strain than the general public was subjected to; and that the evidence showing that his heart condition was bad, and that death might have resulted from it, at any time, there is no sufficient basis in the evidence for the jury to say as it did, that the death was due, within the meaning of the law, to exertions and activities in the course of his occupation.

We cannot agree with appellant. It is well settled that the Texas Workmen's Compensation law does not cover death solely from disease, occupational or otherwise, but only death or other disability, physically resulting from exertion or other work activities, connected with his employment. But it is also too well settled to require any detailed statement of the principle by us, that the fact that disease contributes to a death or disability is no reason for denying compensation for it, if something unforeseen occurred in the course of the employment which, acting with the disease, caused the injury; that it is only where the disease is the sole cause of the injury that a recovery is denied. Fidelity & Casualty Company of New York v. Neas, 5 Cir., 93 F.2d 137; Brodtmann v. Zurich Accident & Liability Insurance Company, 5 Cir., 90 F.2d 1; Hartford Accident & Indemnity Company v. Jones, 5 Cir., 80 F.2d 680; Federal Underwriters Exchange v. Polson, Tex.Civ.App., 148 S. W.2d 956; Southern Underwriters v. Hoopes et al., Tex.Civ.App., 120 S.W.2d 924; Travelers Insurance Company v. Johnson et al., Tex.Civ.App., 84 S.W.2d 354.

The authorities on which appellant relies are not in conflict with these. They present cases of the application of the principle to facts which did not make out a case for recovery. Appellant's argument seems to be very much like that which was advanced, but did not prevail, in the Brodtmann case, supra, that there must be direct evidence that the death was caused by, that is, connecting the death with, a particular exertion or activity. This will not do. It is sufficient if taking all the facts and circumstances, there is a reasonable basis for the conclusion that in the course of his employment, there was an exertion, the accidental and unlooked for result of which was a physical injury to his heart causing its failure and his death.

The evidence in this case was sufficient to support such a conclusion. The motion for an instructed verdict was properly denied. Appellant's other assignment that there was error in permitting evidence of the claimed injuries in August and November is without merit. This is so both because the evidence came in without objection and because if it had been objected to, it was admissible and relevant upon the issue of plaintiff's condition and the effect upon his heart of the exertions required by his employment. The Workmen's Compensation Act contains no words excluding from the benefit of its provisions, employees who are weak or sick. Such employees are as fully protected under the act from death or disabilities caused by injuries received in the course of their employment as are employees who are entirely well and strong. The only thing the act requires is that the death or injury for which compensation is sought, be shown to be wholly or partly the result of some work or activity connected with the employment, and not the mere result of disease, which operating in its ordinary and natural course and without regard to the employment and its activities brings about his death.

The judgment was right. It is affirmed.