## TEXAS EMPLOYERS INS. ASS'N v. SMITH et al.

### No. 12221.

Court of Civil Appeals of Texas. Galveston.

Dec. 14, 1950.

Rehearing Denied Jan. 4, 1951.

McAlister & Tucker and R. A. McAlister all of Nacogdoches, for appellant.

Fulmer & Fairchild and Robert C. Barnett all of Nacogdoches, for appellees.

MONTEITH, Chief Justice.

This appeal in a workmen's compensation suit was brought by appellees, the surviving wife and son of M. G. (Mug) Smith, deceased, for recovery from appellant, Texas Employers Insurance Association, of compensation for his death in the course of his employment with Nacogdoches County Lumber Company, which carried compensation insurance with appellant.

Appellant in its answer denied that the deceased died as a result of an accidental injury sustained while an employee of Nacogdoches County Lumber Company. They alleged that his death was due solely to a condition disassociated with his employment.

In answer to special issues submitted a jury found, in substance, that the deceased sustained an accidental injury which caused his death while in the course of his employment with Nacogdoches County Lumber Company; and that it was not caused by disease disconnected with the injury. A lump-sum settlement was found to be proper. Judgment was rendered by the trial court in accordance with the jury's verdict.

Appellant's motions for an instructed verdict and for judgment non obstante veredicto were refused by the trial court.

The record reflects that at the time of his death M. G. (Mug) Smith was employed as a shipping clerk by Nacogdoches County Lumber Company. He was fifty-seven years of age and apparently in good health prior to his death. He was extremely busy for the two weeks prior to his death in filling some government orders and in addition to his duties as shipping clerk had taken over the duties of other employees of the company which required considerable physical exertion. Medical witnesses introduced by appellees testified that the deceased's death was due to coronary thrombosis and coronary occlusion and that over-exertion had probably contributed to his condition.

Under its first eight points of error, appellant complains of the alleged error of the trial court in overruling its motions for an instructed verdict and for judgment non obstante veredicto for the alleged reason that there was no evidence in the record that the deceased had sustained an accidental injury, in the course of his said employment within the purview of the Workmen's Compensation Law, which could have caused his death.

It is the settled law in this state that, in a suit under the Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq., for compensation for the death of an employee, the questions as to whether the deceased received an accidental injury in the course of his employment which caused his death and whether the injury was accidental are questions for determination by the jury. Carter et al. v. Travelers Ins. Co., 132 Tex. 288, 120 S.W.2d 581.

The evidence in the record is, we think, amply sufficient to support the findings of the jury that the deceased sustained an accidental injury which caused his death in the course of his employment with Nacogdoches County Lumber Company and that his death was a result of the alleged injuries.

The facts in this appeal are similar in all material respects to the facts in the case of Massachusetts Bonding & Ins. Co. v. Massey, 5 Cir., 123 F.2d 447, in which compensation was sought for the death of an oil lease foreman. The defendant in that case also denied that the alleged injuries had been received by the decedent in the course of his employment or that they were accidental or compensable. As in the instant case, a physician testified that the deceased had a severe form of heart disease and that physical exertion would have a definite bearing on impairing his heart. The court held that the fact that disease contributes to death or disability is no reason for denying compensation if something unforeseen occurs in the course of the employment which, acting with the disease, causes the injury.

The following authorities are in accord with the rule announced in the case of Massachusetts Bonding & Ins. Co. v. Massey. Federal Underwriters Exchange v. Polson, Tex.Civ.App., 148 S.W.2d 956;

**236**

Southern Underwriters v. Hoopes et al., Tex.Civ.App., 120 S.W.2d 924; Travelers Ins. Co. v. Johnson et al., Tex.Civ.App., 84 S.W.2d 354.

Under the above authorities the evidence in this case was, we think, sufficient to support the verdict of the jury and the judgment rendered.

█ It is also a settled rule in this state that in determining whether an error has been committed by a trial court in refusing motions for an instructed verdict and for judgments non obstante veredicto, a reviewing court must consider the evidence adduced in the light most favorable to the party against whom such motions are sought; that conflicts in the testimony must be disregarded and that every reasonable inference deductible from the evidence must be indulged in his favor. Anglin v. Cisco Mtg. Loan Co., 135 Tex. 188, 141 S.W.2d 935; Le Master v. Ft. Worth Transit Co., 138 Tex. 512, 160 S.W.2d 224; 41 Tex.Jur., paragraphs 167, 168, 169, 170, 171 and 177. Tested by this rule, the evidence in the record is, we think, sufficient to support the jury's verdict and the judgment rendered.

We have carefully considered all other points of appeal presented by appellant in its brief and have found no reversible error. The judgment of the trial court is in all things affirmed.