**THARP et al. v. MUNDY et al.**

No. 13740.

United States Court of Appeals Fifth Circuit.

April 18, 1952.

988

William W. Barron, Washington, D. C., Maxwell Hyman, Miami Beach, Fla., James T. Vocelle, Vero Beach, Fla., and Averbach & Bonney, Seneca Falls, N. Y., for appellants.

Walker Liddon, Panama City, Fla., for appellees.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

Brought by the husband, the driver and owner of an automobile, and his wife, a passenger in it, the suit, in two counts, was for the damages each plaintiff suffered as a result of the collision of a following automobile with the one in which they were riding.

The claim in count one was that the defendant Sweeney, who was driving the car, with the consent and authorization of the defendant Mundy, its owner, negligently drove into the rear of plaintiff Tharp's car, causing Mrs. Tharp serious injuries and expenses for medical attention.

Count two charged the same negligence and that it had caused Mr. Tharp the loss of the comfort and society of his wife and the expense of repairing the automobile.

The defenses were: (1) denials of the negligence charged and the damages claimed; and (2) pleas (a) that the driver of the Tharp car was himself negligent in not keeping a proper lookout and in suddenly stopping it without giving a warning signal, and this negligence was the cause of the injuries; and (b) that Mrs. Tharp was herself contributorily negligent in not keeping a proper lookout for her own safety.

On these pleadings the case was fully tried to a jury and, the evidence concluded, while plaintiffs and defendants did present special requests to charge, neither moved for a directed verdict, and, therefore plaintiffs may not attack the sufficiency of the evidence here. Employers Liability v. Lejeune, 5 Cir., 189 F.2d 521 at page 524.

The court denying some, and granting others, of these requests, including four dealing with Mrs. Tharp's negligence requested by the defendants, there was a verdict and judgment for defendants, and plaintiffs have appealed.

While other grounds for reversal are put forward, appellants place their main reliance on the giving and refusal of instructions[1] to the jury. Of these claimed

[1] (1) The refusal of plaintiffs' request to instruct the jury on the last clear chance or subsequent negligence doctrine obtaining in Florida.

(2) The refusal of their requested charge No. 2, that if the negligence of defendants caused or contributed to the accident, the jury should find for the plaintiff, Mrs. Tharp.

(3) The giving of defendants' requested charge No. 15 on unavoidable accident.

(4) The giving, at the request of defendants of four argumentative repetitious and misleading charges on the duty of Mrs. Tharp to exercise care for her own safety when under the undisputed facts she could have taken no action to avoid the collision and injury.

errors, plaintiffs make the most of the submission to the jury of the issue of contributory negligence as to Mrs. Tharp.

Striking at the instructions as fundamentally erroneous because there was no basis in the evidence for the submission of the issue in any form, plaintiffs, as a secondary attack upon them, bear down hard upon the argumentative and repetitious form of the instructions. Insisting that, instead of giving those charges in any form, the court should have refused them all and given instead plaintiffs' requested charge No. 2, that, if the defendants' negligence caused or contributed to her injuries, they should find for plaintiff, Georgiana Tharp, plaintiffs stand firmly upon their claim: that no tendency of the evidence raises the issue of the failure on the part of Mrs. Tharp to exercise care for her own safety; and that both the giving of defendants' and the refusal of plaintiffs' charges on that issue were highly prejudicial error.

We agree.

■■ While in a proper case, that is, a case where the evidence presents the issue, it would, of course, be correct to give a proper charge upon the failure of due care, the contributory negligence *vel non,* of a guest passenger, the case at bar is not such a case. Not only then because of their argumentative misleading and repetitious character, but more fundamentally because the issue of Mrs. Tharp's contributory negligence was not raised in and by the evidence, the giving of the complained of charge and the refusal of the requested charge on that issue were errors for which the judgment must be reversed and the cause remanded for trial anew.

In view of the fact that, on another trial, it is probable that the questions raised on the other rulings, of which the plaintiffs complained, will again arise, we shall for the guidance of the court give our views upon them.

■ Of plaintiffs' complaint of the submission of the issue of unavoidable accident, as contained in defendants' requested charge No. 15, it will suffice for us to say that we do not agree with plaintiffs that

the evidence did not raise it, and that it was, therefore, erroneous to charge upon that issue. Cf. Zwilling v. Harrison, 269 N.Y. 461, 199 N.E. 761.

■ Neither was it error to give, in charge to the jury, defendants' requested charge No. 3, that the measure of defendants' duty was the exercise of due care or to refuse to give, in charge, plaintiffs' requested charge No. 1.

■ Finally, it was, we think, clear error, in the state of the evidence, to refuse to charge on the last clear chance or subsequent negligence doctrine, as that doctrine is understood and applied in Florida. Lindsay v. Thomas, 128 Fla. 293, 174 So. 418; Merchants Transp. Co. v. Daniel, 109 Fla. 496, 149 So. 401.

The judgment is reversed and the cause is remanded for further and not inconsistent proceedings.

Reversed and remanded.