See also 223 F.2d 91.

George C. MOORE, Sr.

v.

Guy A. THOMPSON, Trustee, The St. Louis, Brownsville & Mexico Railway Co.

Civ. A. No. 973.

United States District Court
S. D. Texas.

Nov. 19, 1953.

J. Marvin Ericson, Corpus Christi, Tex., for plaintiff.

Kleberg, Mobley, Lockett & Weil, Corpus Christi, Tex., for defendants.

ALLRED, District Judge.

Action by plaintiff for wrongful discharge. Reference is here made to a memorandum dated April 29, 1953, D.C., 131 F.Supp. 658, overruling defendant's motion for summary judgment based upon plaintiff's failure to file a direct proceeding for a judicial review of a decision of the United States Railroad Retirement Board.

Defendant has filed a second motion to dismiss based upon plaintiff's failure to allege exhaustion of his remedies un-

der the employment contract between the railroad and plaintiff's union. Article 21 of such contract provides that conductors shall not be unjustly discharged or disciplined; that in case a conductor believes he has been unjustly discharged or disciplined, he shall have the right within ten days to make complaint in writing, and, upon request, be granted a hearing within ten days; that if dissatisfied with the decision he may appeal to "higher authority."

■ Defendant bases his motion upon a recent decision of the U. S. Supreme Court in Transcontinental & Western Air, Inc. v. Koppal, 344 U.S. 933, 73 S.Ct. 504, 97 L.Ed. 718, in which the court amplifies Moore v. Illinois Central R. Co., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089; and holding that, if the applicable State law requires an employee to exhaust his administrative remedies under his employment contract before instituting court action, he must show that he has done so. Defendant points to the Texas rule announced in the cases, among others, Wyatt v. Kansas City Southern R. Co., Tex.Civ.App., 101 S.W. 2d 1082; Swilley v. Galveston, H. & S. A. R. Co., Tex.Civ.App., 96 S.W.2d 105; Cousins v. Pullman Co., Tex.Civ.App., 72 S.W.2d 356; Matlock v. Gulf, C. & S. F. R. Co., Tex.Civ.App., 99 S.W.2d 1056; St.Louis, B. & M. R. Co. v. Booker, Tex. Civ.App., 5 S.W.2d 856. See also 7 Tex. Jur., Ten Year Supp. 195, Sec. 114a, requiring a discharged or dissatisfied employee to exhaust his remedies, if required by the contract, before resorting to the courts.

Defendant frankly concedes that a later decision by the Texas Supreme Court, Texas & New Orleans R. Co. v. McCombs, 143 Tex. 257, 183 S.W.2d 716, 719, seemingly changes the Texas rule in railway employee cases; but, pointing to the fact that the McCombs decision was prior to the Supreme Court decision in the Koppal case, and that the Texas Supreme Court did not discuss the general rule in Texas, defendant insists that the Texas Supreme Court apparently decided McCombs on the theory that Moore v. Illinois Central announced the law to be applied to railroad employment cases regardless of the local law.

It is true that the Texas Supreme Court decided the McCombs case in the light of the Moore case and "for the sake of uniformity of decision"; and stated that it "should follow the Moore case rather than the decisions of the courts of civil appeals". The Texas Supreme Court expressly refers to Wyatt v. Kansas City So. R. Co., supra, and "similar decisions."

Regardless of the basis of the McCombs decision, it remains the local law, announced by the highest court in this State in Railroad employee cases. The employment agreement in the McCombs case contained stronger language and more specific details as to procedure for seeking relief than the one here involved. The Texas Supreme Court held that while the McCombs agreement gave him the right to appeal to the highest company officials, it did not require him to do so; and that there was nothing in that agreement that required the employee to seek administrative relief as a condition precedent to court action. While that case dealt with a claim for overtime, there is no distinction in principle from a like provision dealing with unlawful discharge.

■ After the filing of briefs on the second motion to dismiss, defendant's counsel concedes by letter that the contract here involved does not set up the administrative procedure for appeals but contends that it has been built up by custom. In support of this contention counsel has furnished the court with a copy of an award and opinion by "Special Board of Adjustment No. 24, Missouri Pacific Lines in Texas and La. vs. BLF & E, ORC and BRT, Docket No. 101, Case No. 116, 915–5," involving a claim by the estate of Conductor M. C. Barnes, an employee of defendant, for time lost after he had reported back for duty and before his application for annuity retirement had been granted by the Railroad Retirement Board. The Special Board of Adjustment was composed of a chair-

man, a representative of the employee and a representative of the employer. This falls far short, however, of establishing an agreement generally as to compulsory submission of such claims to a Board of Adjustment. At most, it merely shows a voluntary submission of the Barnes claim by the parties in the nature of arbitration. * * *

Defendant's second motion to dismiss, therefore, is overruled. The Clerk will notify counsel.

The action will stand for trial on the following issues: (1) Was plaintiff physically able to perform his duties at the time he sought to return; (2) Did defendant arbitrarily refuse to permit him to return to work; and (3) If so, the amount of damages. Defendant's first motion to dismiss will be carried along with the case.