## FUNK
v.
## SEABOARD AIR LINE R. CO.
### No. 14769.

United States Court of Appeals
Fifth Circuit.
April 30, 1954.
Rehearing Denied June 10, 1954.

G. Seals Aiken, Ben F. Sweet, Atlanta, Ga., for appellant.

Allen E. Lockerman, Atlanta, Ga., Troutman, Sams, Schroder & Lockerman, Atlanta, Ga., of counsel, for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

HOLMES, Circuit Judge.

The appellant brought this suit for damages, against the appellee, for the wrongful death of her son, Vernon Funk, who was killed when struck by a train operated by appellee as it came to a stop at Emory University Station, Georgia, on June 2, 1950. The jury found for the defendant, and from the judgment entered thereon the plaintiff appealed. The facts most favorable to the defendant will be stated, since the verdict of the jury impliedly adopted such facts. They are as follows:

The decedent was at the appellee's railroad station for the purpose of bidding goodbye to some friends, and was walking toward the approaching train with a suit case that belonged to one of the girls who was to board the train. Just before the accident occurred, some of decedent's fraternity brothers warned him to "move back," to which he replied: "Oh, nothing at all will happen to me." He continued to walk along side of the track on which the train was approaching, swinging the little suit case, and as

he tried to go between the track and the line of people that were on the walkway, the hand bag was hit by the lower right front side of the approaching diesel engine, about five or six feet in front of the ladder that was attached to said diesel, which swung him around and his head hit a bolt that fastened the ladder to the side of the diesel. The force of the blow was so great that Vernon died about four hours later.

The complaint alleged that the walkway of the railroad company was negligently constructed in that it was too narrow; that the surface was rough, and dropped sharply from the center toward the spur track; that the train was approaching the station at an illegal speed of thirty-five to forty miles an hour, swaying from side to side, and creating a vacuum or suction which drew the deceased against the train, resulting in the accident that caused his death; that the appellee knew or should have known that appellant's son or someone on the walkway would probably be drawn by suction against the train and injured; that the walkway was not properly protected against injury to its occupants; and that guard rails should have been provided to prevent them from getting too close to the track. The appellee denied any negligence on its part, and claimed that the decedent's own negligence was the sole proximate cause of the accident.

■■■ Appellant insists that a verdict in her favor should have been directed by the court; but she made no motion for such a verdict at the trial, and the point cannot now be raised, as the sufficiency of the evidence is not reviewable on appeal unless a motion for a directed verdict was made in the trial court. Baten v. Kirby Lumber Corp., 5 Cir., 103 F.2d 272; Employers' Liability Assurance Corp. v. Lejeune, 5 Cir., 189 F.2d 521; Tharp v. Mundy, 5 Cir., 195 F.2d 987; Atlantic Coast Line Railroad Co. v. Mims, 5 Cir., 199 F.2d 582. Appellant assigns error by the court in its charge to the jury that the railroad had the right to assume that the decedent was a rational human being, and would exercise reasonable care for his own protection while standing or walking on the platform. We find nothing erroneous in this instruction, as it is well settled that, in the absence of anything to the contrary, every person is presumed to possess ordinary intelligence, judgment, and discretion. Foreman v. Texas & N. O. R. Co., 5 Cir., 205 F.2d 79; Edwards v. Atlanta, Birmingham, and Coast R. Co., 63 Ga.App. 212, 10 S.E.2d 449.

■ The appellant also claims that the court's charge to the jury on the issue of suction was equivalent to charging that there could be no recovery based on suction. The charge, in substance, was that if under the operation of natural laws the appellee should have anticipated that the appellant's son would probably be sucked into the train because of an existing condition, not due to any negligence on the part of appellee, then the decedent would likewise be bound to anticipate the same result; but that, if the happening was unusual and extraordinary, and not brought about by any negligence of the railroad, and the appellant's son could not have anticipated such result, then neither could the railroad be expected to anticipate it. We think these instructions to the jury were not subject to the objections urged against them. Southern Railroad Co. v. Young, 20 Ga.App. 362, 93 S.E. 51; Moore v. Seaboard Air Line Railway Co., 30 Ga.App. 466, 118 S.E. 471.

■ The issues as to whether a train creates suction and whether the defendant was negligent in that regard were before the jury on expert testimony introduced by both parties, and the jury, on precisely correct and adequate instructions, resolved those questions in the negative. Also before the jury were the issues as to whether the agents of the railroad exercised ordinary diligence in the operation of the train along the walkway, where the deceased was walking, and whether the railroad had exercised ordinary care and diligence in the construction and maintenance of said

walkway, both of which issues were resolved in favor of the railroad company.

Other matters are urged by appellant, but we find no reversible error in the other assignments. The evidence was in sharp conflict, and the case was peculiarly one for the jury. All issues were properly submitted to the jury, and we have found or been shown no valid reason to disturb the verdict, which we think was based upon substantial evidence. The judgment appealed from is affirmed.

Affirmed.