223 F.2d 91
 Guy A. THOMPSON, Trustee, The St. Louis, Brownsville & Mexico Railway Company,
v.
George C. MOORE, Sr.
George C. MOORE
v.
Guy A. THOMPSON, Trustee, The St. Louis, Brownsville & Mexico Railway Company.
 No. 15181.
 United States Court of Appeals Fifth Circuit.
 April 22, 1955.
 Rehearing Denied May 24, 1955.
 
 Leslie S. Lockett, Corpus Christi, Tex., for appellant.
 J. Marvin Ericson, Corpus Christi, Tex., for appellee.
 Before HOLMES and RIVES, Circuit Judges, and THOMAS, District Judge.
 HOLMES, Circuit Judge.
 
 
 1
 On November 1, 1929, George C. Moore, Sr., appellee, entered the employment of the St. Louis, Brownsville & Mexico Railway Company, of which Guy A. Thompson is Trustee. At the time of his entering such employment, there existed a collective bargaining agreement between said railroad and the Order of Railway Conductors of America, which became part of Moore's contract of employment. Said collective bargaining agreement was a continuing contract for one year after its effective date, and thereafter until 30 days' notice in writing had been given by either party to the other; and said agreement was still in force at the time of the trial of this case.[1] The contract between Moore and the said railway company was made in Texas, was intended to be performed in Texas, and is alleged to have been breached in Texas. No federal question is involved in this controversy as an integral part of the plaintiff's case, though many federal questions are raised in defense thereof. Federal jurisdiction depends solely upon diversity of citizenship between the parties, and the requisite jurisdictional amount.
 
 
 2
 In January, 1946, appellee was injured on the job, sued appellant, and recovered a judgment against him for damages under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. Thereafter, he applied for and was awarded disability payments by the Railroad Retirement Board, and received such payments up to the date of the trial of this case. On February 15, 1951, and at other times, having allegedly recovered from his disability, appellee requested that appellant restore him to active service, which requests, he claimed, were arbitrarily denied; and he brought this suit for damages for his wrongful discharge, which he alleged was accomplished by the railroad's refusal to reinstate him. The plaintiff's cause of action arose under the common law of Texas, and is governed by the law of that state, except to the extent that it may be barred or otherwise affected by federal law.
 
 
 3
 In Texas & New Orleans R. Co. v. McCombs, 143 Tex. 257, 183 S.W.2d 716, apparently changing the Texas rule in railway employee cases, the Supreme Court of Texas decided that Moore v. Illinois Central R. Co., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089, announced the local law to be applied in similar cases. The McCombs decision was prior to Transcontinental & Western Air, Inc. v. Koppal, 345 U.S. 653, 73 S.Ct. 906, 97 L. Ed. 1325, in which the court held that, if the applicable state law requires an employee to exhaust his administrative remedies under his employment contract before filing suit, he must show that he has done so. Nevertheless, regardless of the reason for the McCombs decision, it remains the local law, announced by the highest court in the state. On the authority of this decision, the court below overruled the defendant's second motion to dismiss the complaint, and let the action stand for trial on the following issues:
 
 
 4
 (1) Was the plaintiff physically able to perform his duties at the time he sought to return to work? (2) did the defendant arbitrarily refuse to permit him to return to work? and (3) the amount of damages that he was entitled to recover.
 
 
 5
 It is stated in Judge Allred's opinion, D.C., 131 F.Supp. 665, that, after the filing of briefs on the second motion to dismiss, defendant's counsel conceded that the contract here does not set up the administrative procedure for appeals, but contends that it has been built up by custom. The custom relied on was held by the court below to fall far short of establishing an agreement generally to compulsory submission of such claims to a Board of Adjustment. At most, the court held, it merely showed a voluntary submission by the parties of a particular claim.
 
 
 6
 The court below submitted the case to the jury upon the issues above stated. The verdict rendered in its pertinent part was that the appellee was physically able to perform his duties as conductor on May 29, 1952, and that the appellant's refusal to permit him to resume his duties on or about said date was arbitrary. The jury further found that $6,960 was the amount which would reasonably compensate the plaintiff for loss of employment from May 29, 1952, to the date of the trial, the court having so limited the plaintiff's right to recover future damages in reliance upon Eubanks v. Galveston, H. & S. A. R. Co., Tex.Com.App., 59 S.W.2d 825. The court below awarded judgment for the plaintiff against the defendant for said amount, and both sides appealed to this court from said judgment. The appeal of the plaintiff, George C. Moore, Sr., was from that part of the judgment which denied him recovery of damages, to accrue after the date of the trial, for defendant's breach of contract.
 
 
 7
 We agree with the court below, and with the contentions of appellee, that the remedial provisions of the Railway Labor Act did not require appellee to exhaust his administrative remedy before filing an independent suit for his wrongful discharge; that the findings of the Retirement Board were not conclusive where, as here, the claimant exercised his option to pursue his judicial remedy without first exhausting his administrative remedy; and that appellee was not estopped by having received annuity payments from the Board under the facts and circumstances in this case. The jury, by its verdict, having found that appellee was physically able to perform the duties of his employment as conductor for the defendant on May 29, 1952, and that appellant arbitrarily refused to return him to work on said date, and such verdict being supported by substantial evidence, the court correctly rendered judgment upon said verdict, awarding plaintiff damages for wrongful discharge. The trial court also correctly overruled defendant's motion for an instructed verdict.
 
 
 8
 We find no reversible error in the record, and think that the judgment appealed from should be affirmed on both appeals. It is so ordered. Moore v. Illinois Central R. Co., 312 U.S. 630, 61 S. Ct. 754, 85 L.Ed. 1089; Transcontinental & Western Air, Inc. v. Koppal, 345 U. S. 653, 73 S.Ct. 906, 97 L.Ed. 1325; Texas & New Orleans R. Co. v. McCombs, 143 Tex. 257, 183 S.W.2d 716.
 
 
 9
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 "The Company will furnish a copy of agreement to all Conductors in service. Same is effective October 1st, 1924, and is effective for a period of one (1) year, and thereafter until 30 days' notice in writing has been given by either party to the other, listing changes desired, conferences shall be held immediately upon the expiration of 30 days' notice, unless another date is mutually agreed upon."