Marjorie **READNOUR**, Appellant,

v.

**COMMERCIAL STANDARD INSUR-
ANCE COMPANY, a corporation,
et al., Appellees.**

No. 5727.

United States Court of Appeals
Tenth Circuit.

March 14, 1958.

James Z. Barker, Clinton, Okl., for appellant.

Duke Duvall, Oklahoma City, Okl. (Duvall & Head, Oklahoma City, Okl., on the brief), for appellees.

Before MURRAH, LEWIS and BREITENSTEIN, Circuit Judges.

LEWIS, Circuit Judge.

This case reaches us for the second time.

Commerical Standard Insurance Company, hereinafter the Company, by action filed under the Federal Declaratory Judgments Act, 28 U.S.C.A. § 2201, seeks a declaration that its insured, one Smith, has breached the cooperation clause[1] in a policy of automobile liability insurance and has thus relieved the Company of any obligation under the policy terms. The claim of Smith's failure to cooperate

---

1. The policy provision is set out in full in our earlier opinion, Commercial Stand- ard Insurance Company v. Readnour, 10 Cir., 241 F.2d 14.

is found in his representation to the Company that he was not driving the insured vehicle at the time of an accident in which Smith and appellant Readnour were injured. Smith's representation in this regard was found by the first trial jury to have been false[2] but no finding was made as to whether Smith's untrue statement was made with subjective knowledge of its falsity or whether the representation resulted from honest mistake. We reversed, stating:

"In the instant case the jury's findings established the fact that Smith's testimony and representations to the company were false but the verdict did not negative the possibility of honest mistake upon the part of Smith. The cooperation clause may be breached by a deliberate false representation that another was driving the car; the clause is not breached by a mistaken false representation."

On remand, this issue was submitted to a jury and the jury found for the present appellant thus concluding that the insured, Smith, although mistaken in his version of the accident, was not shown by a preponderance of the evidence to have deliberately misrepresented the facts. The verdict of the jury was set aside by the trial court which granted the insurance company's motion for directed verdict, the ruling having been reserved under Fed.Rules Civ.Proc.Rule 50, 28 U.S.C.A. This ruling is now assigned as error.

■ The court may not grant a motion for directed verdict upon even uncontroverted evidence where conflicting permissible inference may be drawn from the evidence. Burcham v. J. P. Stevens & Co., Inc., 4 Cir., 209 F.2d 35; Strawn v. Travelers Ins. Co., 5 Cir., 200 F.2d 778; Banks v. Associated Indemnity Corp., 5 Cir., 161 F.2d 305. The evidence adduced at the instant trial was much the same as that contained in the record on previous appeal which was summarized as follows:

"Certain circumstances present in this case could tend to establish that Smith is simply mistaken. The record reveals that he did not and does not now repudiate his statements; that he has put forth considerable personal effort and gone to some private expense to corroborate his version; that he suffered a severe head blow and had a memory blackout the effect of which is speculative. Other circumstances tend to indicate the contrary. His representations were false in fact and yet given in considerable detail; he faces serious damage claims that his version, if accepted, may defeat. It is for the trier of the facts to determine wherein lies the truth."

■ ■ Although the statement and deposition of Smith indicate remarkable recall of minutia of events occurring shortly before the accident we cannot as a matter of law, and the trial jury apparently did not as a matter of fact, ignore the circumstances attending Smith's statements. The accident was a serious one occurring when Smith was intoxicated and which occasioned a head blow rendering him unconscious. He suffered a memory blackout for at least four days during which period he was told by others that he was not driving the car. It not being the province of the trial court or of this court to weigh the evidence by means of directed verdict it remains for the jury to determine whether or not the insurance company had sustained its burden of showing the fact of lack of cooperation.

■ The case is remanded with instructions to reinstate the verdict of the jury. A timely motion for new trial made by appellee and joined with the motion under Rule 50 has not been ruled upon by the trial court. Although preferable procedure would indicate the desirability of ruling upon such motion in the alternative and before appeal, Montgomery Ward & Co. v. Duncan, 311 U.S.

2. A single interrogatory was submitted to the jury: "Who was driving the car?" The jury answered: "Smith".

243, 61 S.Ct. 189, 85 L.Ed. 147; Bailey v. Slentz, 10 Cir., 189 F.2d 406, the motion is not lost by the court's failure to so do.