**J. A. MOORE and Farris Antoine, Appellants,**

v.

**MISSOURI PACIFIC RAILROAD COMPANY, Appellee.**

**No. 17483.**

United States Court of Appeals
Fifth Circuit.

March 20, 1959.

Rehearing Denied June 5, 1959.

Tex., Jacobs, Davis & Schmidt, Houston, Tex., of counsel, for appellants.

Howard S. Hoover, Houston, Tex., Hutcheson, Taliaferro & Hutcheson, Houston, Tex., Arterbury, Hoover & Graham, Houston, Tex., Carroll R. Graham, Houston, Tex., of counsel, for appellee.

Before HUTCHESON, Chief Judge, and CAMERON and BROWN, Circuit Judges.

HUTCHESON, Chief Judge.

Plaintiffs below, Moore and Antoine, respectively passenger conductor, and trainman and passenger porter, brought separate suits for damages under Texas law for wrongful discharge. The case proceeding to trial before a judge and jury, evidence was taken and, subject to defendant's motion for directed verdict, the case was sent to the jury on a general charge, to which defendant took no exception and plaintiffs took none except in respect to elements of damage.

In this charge, instead, under Texas law,[1] indeed under general common law, 35 Am.Jur. Secs. 36 and 40, pages 470 and 473, of charging the jury, as the law of the cases on trial, that under the contracts sued on the railroad company would be liable for damages if it discharged the plaintiffs wrongfully, that is without good cause or reason, and that the burden was on it to prove that the discharges were for good reason or cause, the district judge, apparently laboring under the mistaken idea that the suits, instead of being common law suits for wrongful discharge, constituted in effect appeals to the district court from the findings and actions of an administrative board, instructed the jury that the question of the rightfulness or wrongfulness of the discharge was not in issue but merely whether the action taken by the company was arbitrary, that is not taken in good faith. Not only

James A. Copeland, George L. Schmidt, Maurice M. Davis, Houston,

---

[1] Texas & N. O. R. Co. v. McCombs, 143 Tex. 257, 183 S.W.2d 716; Thompson v. Moore, 5 Cir., 223 F.2d 91; 29 Tex. Jur., "Master and Servant", Secs. 1314 and 1317, pp. 28, 29, 30 and 33.

was this incorrect instruction given in the main charge but it was repeated and re-emphasized when, the jury returning to the court for further information, one of the jurors, stating: "It is a question of whether we are to rule on whether the officials of the railroad were acting in good faith, or whether in our opinion they made a mistake.", the district judge charged:

"The ultimate matter for you gentlemen to decide—and this is substantially what I told you this morning, although perhaps not exactly in the same words—*is not whether Mr. Moore and Antoine in fact were guilty or not guilty of the charges. The question for you all to decide is whether, in reaching the decision to discharge these men, which the railroad officials did reach, they acted in good faith, in an honest effort to arrive at the true facts, as the railroad contends, or whether, as the plaintiffs contend, they acted arbitrarily, capriciously and maliciously or with some wrongful purpose, unjustly and unfairly to discharge these people from the service.*

"*If it now appears, three years later, that the men in fact were not guilty, but if the railroad officials had before them at the time they took the actions which they took sufficient evidence so that it may be said they acted in good faith, look-*

*ing at the situation from their position as railroad officials bearing in mind their duties and obligations as such, it might be said that they were acting reasonably, honestly and in good faith, then the defendant is entitled to your verdict.*" (Emphasis supplied.)

Later, in reply to another question as to whether the burden of proof was on Mr. Moore to disprove the testimony of the witnesses, the court said:

"*I said the burden of proof is on the plaintiff to prove his side of the case by a preponderance of the evidence. Yes, it is necessary for the plaintiffs, Moore and Antoine, to prove that the railroad officials were acting capriciously, or arbitrarily, or unfairly or dishonestly, and if the evidence in your judgment is evenly balanced, then the defendant is entitled to your verdict.* \* \* \*"
(Emphasis supplied.)

To these instructions no objection was made or exception taken. Thereafter the jury returned a verdict for plaintiff Moore for damages in the amount of $17,000 and for Antoine in the amount of $9000, and plaintiffs moved for judgments on the verdicts.

Defendant in due time moving for judgments notwithstanding the verdict, the district judge, filing a memorandum opinion,[2] granted the motion and entered judgments accordingly.

2. "Memorandum:
"This is an action by two former employees of the defendant railroad company, who seek to recover damages for their alleged wrongful discharge. The employment of each plaintiff is under and in pursuance of a collective bargaining agreement between the employees' respective brotherhoods; Conductors as to the plaintiff Moore, and Brakemen as to the plaintiff Antoine. Under the contract with the Conductors, discipline by the railroad might not be administered to the employee 'without just and sufficient cause'. Comparable language in the Brakeman's contract provides that such employees would not be disciplined **or** dealt with unjustly.

"Sometime prior to the discharge of the two plaintiffs, railroad officials had reason to believe that passengers between Houston and New Orleans were being carried without the payment of fare, and that the railroad employees were accepting money or bribes from such persons, by reason of which they were permitted to ride without the purchase of a ticket. In order to make an investigation of this alleged practice, two individuals were employed as special investigators. They were not prior railroad employees, and hence were not known to the train crews. Such special employees were directed to make the effort to bribe or pay the conductor and/or the porter on the passenger trains between Houston

Appealing from the judgments against them, upon a stipulation that the cases should be consolidated for appeal and a single record furnished, plaintiffs are here pointing to the fact that, notwithstanding the incorrect submission of issues to the jury and the heavy burden imposed upon them, the jury found for plaintiffs. So pointing, they insist: that there was ample evidence to take the cases to the jury, and, viewed in the light most favorable [3] to the verdict, as it must be, it fully sustains the verdicts for plaintiffs; that the judgments non obstante veredicto were, therefore, wrongly entered; and that they must be here set aside and judgments entered on the verdicts in plaintiffs' favor.

The defendant, urging both that the charge was correct and that, whether it was or not, because of plaintiffs' failure to object to it, it must for the purpose of this appeal be taken as correct, insists: that the verdict was without support in the evidence; and that the judgment was right and must be affirmed. We cannot agree with these views.

■ On the contrary, we find ourselves in full agreement with all of plaintiffs' contentions except that the judgment must be here rendered by directing a judgment on the verdicts for plaintiffs. We are in no doubt: that the cases were wrongly submitted to the jury; that since the suits were, under Texas law, common law suits for damages for discharge, the issue was simply whether the discharges were wrongful and the burden of maintaining their rightfulness was on the defendant and not on the plaintiff; that there was ample evidence to take the cases to the jury and to support the verdicts in plaintiffs' favor; and that the judgment non obstante veredicto must, therefore, be reversed. Instead, however, of here directing entry of judgments on the verdicts for appellants, we order the judgment reversed and the

and New Orleans and return, and thus to secure passage without the purchase of ticket.

"As a result of this investigation, and on the statement of the two investigators that the two plaintiffs here were guilty of this practice and had accepted money for this purpose, charges of improper conduct and violation of company rules were filed against them. A hearing was held in each instance, before a Board of company executives convened for that purpose, as provided in the union contracts. Each plaintiff was advised and represented by one of his union representatives, designated for that purpose. In each instance, the Board found the employee to be guilty of the practice mentioned, and ordered the discharge of each from the service.

"At pre-trial conference, it was determined that the only issue of fact was whether the railroad officials in reaching the conclusion that each plaintiff was guilty, and in ordering their discharge, had acted with 'just and sufficient cause', or had 'dealt unjustly' with the plaintiffs.

"In each instance the Jury found the plaintiffs, fixing damages at $17,000.00 and $9,000.00, respectively.

"At the close of plaintiffs' testimony, and again at the close of the evidence, the defendant moved for a directed ver-

dict. Ruling on each motion was reserved. I am convinced that the motions were well taken and should have been granted.

"There was no evidence of probative value showing or tending to show that the railroad officials acted arbitrarily or capriciously in finding the plaintiffs were guilty of the matters charged, or that they were influenced by improper motives. There was considerable evidence tending to show the plaintiffs' guilt in the record of the hearing. The plaintiffs simply denied the charge, and denied ever having seen the special investigators.

"The plaintiffs failed to sustain the burden to show that the action of the defendant was 'without just and sufficient cause', or that the plaintiffs had been 'dealt with unjustly'. See Buster v. Chicago, M., St. P. & P. R. Co., 7 Cir., 195 F.2d 73.

"The motion to set aside the verdict and to enter judgment for the defendant nowithstanding the verdict is granted."

3. Tharp v. Mundy, 5 Cir., 195 F.2d 987; Employers' Liability Assur. Corp. v. Lejeune, 5 Cir., 189 F.2d 521; Funk v. Seaboard Air Line R. Co., 5 Cir., 212 F. 2d 434; Banks v. Associated Indem. Corp., 5 Cir., 161 F.2d 305; Strawn v. Travelers Ins. Co., 5 Cir., 200 F.2d 778; Readnour v. Com. Standard Ins. Co., 10 Cir., 253 F.2d 907.

cause remanded to afford the district judge[4] the opportunity to determine whether judgment should be entered on the verdicts or whether a new trial should be granted.

Reversed and remanded.

CAMERON, Circuit Judge.

I concur in the result.

4. Yorkshire Indemnity Company of New York v. Roosth & Genecov Production Company, 5 Cir., 252 F.2d 650; Snead v. New York Cent. R. Co., 4 Cir., 216 F.2d 169; O'Day v. Chicago River & Indiana R. Co., 7 Cir., 216 F.2d 79; Banks v. Associated Indemnity Corp., 5 Cir., 161 F.2d 305; Barron & Holtzoff, "Federal Practice & Procedure", Sec. 1081, page 80. Cf. Johnson v. New York, 344 U.S. 48, 73 S.Ct. 125, 97 L.Ed. 77; Byrd v. Blue Ridge Rural Electric Cooperative, 356 U.S. 525, 78 S. Ct. 893, 2 L.Ed.2d 953.