## HUTCHINSON v. SPERRY et al.

(Circuit Court of Appeals, Third Circuit. September 23, 1924.)

No. 3115.

**1. Judgment ⬅585(2)—In suit to rescind sale for fraud inducing contract, judgment held res judicata in subsequent action alleging fraud inducing delivery.**

Judgment in action by seller of stock against purchaser and corporation to rescind sale, in which he alleged that he was induced by fraud to enter into the contract, *held* res judicata in subsequent suit, in which he alleged that sale was made without a valid consideration, and that he was induced by fraud to accept final payment and deliver the stock.

**2. Judgment ⬅585(2) — Test of identity of causes of action stated.**

The true test of the identity of causes of action is the identity of the facts essential to their maintenance.

Appeal from the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Suit by Shelley B. Hutchinson against William M. Sperry and others. Decree of dismissal, and complainant appeals. Affirmed.

Wm. Mayo Atkinson, of Hoboken, N. J., for appellant.

Frederic J. Faulks, of Newark, N. J., Frederick Geller, of New York City, and Robert H. McCarter, of Newark, N. J., for appellees.

Before WOOLLEY and DAVIS, Circuit Judges, and THOMPSON, District Judge.

WOOLLEY, Circuit Judge. The story of this case runs back to 1897; litigation began in 1915. The first suit covered every conceivable aspect of an aggravated controversy which, we thought, was finally closed when, in 1919, we affirmed the decree of the District Court, dismissing a group of the complainant's bills. 261 Fed. 133. In 1921, the complainant, however, brought this suit on a bill alleging a cause of action which,

he maintains, is entirely different from any one of several causes of action he had asserted in the first suit. He was at once confronted with pleas of res judicata, and the court, being unable to distinguish the two actions, sustained the pleas and dismissed the bill. This appeal followed.

In submitting this case for review the complainant does not question the doctrine of res judicata but, denying its application, he asks us (quite properly) to follow him through the mazes of pleading and testimony of the two cases in order to distinguish them and determine whether the cause of action in the suit at bar is one which was presented, or which might have been presented, in the first suit. Cromwell v. County of Sac, 94 U. S. 351, 24 L. Ed. 195; Troxwell, Adm'r, v. D., L. & W. R. R. Co., 227 U. S. 434, 33 Sup. Ct. 274, 57 L. Ed. 586. This we have done with care; yet we feel that we are not called upon to pursue the journey again through an extended opinion. It will be enough for all purposes to state and compare in a few words the real substance of the two causes of action.

Shelley B. Hutchinson, the complainant, and Thomas A. Sperry were pioneers in the trading stamp business. They began as partners, formed corporations and in various ways made progress until, meeting commercial antagonism and encountering many state statutes forbidding its transaction, the business was in a fair way of coming to an end. Hutchinson, quite alive to the situation, endeavored to sell his very considerable block of stock in The Sperry and Hutchinson Company, the corporation which had succeeded and absorbed the previous organizations. He was not successful until he approached William M. Sperry (a brother of his late partner and co-stockholder), to whom he made a proposition which, under the circumstances and upon the terms detailed in Hutchinson v. Sperry (C. C. A.) 261 Fed. 133, induced him to make the purchase. A contract of sale and purchase was entered into between the parties in 1901 and performance was completed by final payment and delivery of stock certificates in 1904. During the period between these dates a great change occurred in the trading stamp business. Many statutes forbidding the practice were declared unconstitutional with the result that immediately the business expanded and profits mounted in an astonishing way. The transaction of sale of stock was therefore quite inopportune for Hutchinson and very fortunate for Sperry. During the next eleven years Hutchinson did nothing to disturb what had been done. In 1915, however, he brought a suit against William M. Sperry, the Sperry & Hutchinson Company, and the executors and trustees of Thomas A. Sperry, deceased. He filed the original bill of complaint in his own right and on his own behalf, and, charging fraud by both William M. Sperry and Thomas A. Sperry, he alleged that the contract for the sale of his stock was invalid and prayed for a decree setting it aside, granting an accounting and ordering restitution of the shares. Hutchinson then filed a supplemental bill on behalf of himself and all other stockholders of the Sperry & Hutchinson Company (and later a second supplemental bill). The defendants moved to strike out this bill because it sought to join in one bill an alleged cause of action personal and individual to the complainant and the defendant William M. Sperry and an alleged cause of action of the corporation against the same defendant and the estate of his deceased brother. The court declined the motion but directed the complainant to reframe the supplemental bill "so as to incorporate therein the pertinent parts of the allegations of the original bill." On declining a similar motion later made the court said: "The facts which led us to approve the various contentions are so interwoven one with the other that the causes can be tried together." When the case came on for hearing Hutchinson was given full opportunity under his several bills to present every aspect of the controversy. The trial court, however, could not find fraud and, accordingly, sustained the contract and dismissed the bills. On appeal this court was of the same view. 261 Fed. 133. Hutchinson then brought this suit. By his bill of complaint, filed in his own behalf, he did not allege, as in the other suit, that in 1901 he was fraudulently induced to enter into the contract for the sale of his shares to Sperry but alleged, as before, that the agreement of 1901 was made without a valid consideration and was therefore invalid and unenforceable, and that in this state of things he was, prior to October 4, 1904, when Sperry made his final payment, fraudulently induced to consummate the agreement. This distinction is somewhat elusive but, stated again, it is this: The basis of both actions was fraud; according to the bill in the first action Hutchinson was induced by fraud *to enter* into the contract; according to the bill in the second action he was induced by fraud *to consummate* the contract,—that is, to accept the final pay-

ment of the purchase price and deliver the stock.

[1, 2] While the first suit embraced several causes of action, we are unable to discover any legal distinction between one of these causes of action and the cause of action in this suit. Both arose out of the same controversy; both rested on the same facts; in both the same fraudulent acts were charged; both were tried on the same record. "The true test of the identity of causes of action is the identity of the facts essential to their maintenance." Union Central Life Insurance Co. v. Drake, 214 Fed. 536, 131 C. C. A. 82. As we have said, the facts in the two cases are the same. If they support the decree entered in the first case sustaining the validity of the contract, they equally support the valid performance of that contract; and if they are insufficient to sustain the charge of fraud in inducing the execution of the contract, they are equally insufficient to sustain the charge of fraud inducing its performance. The only difference in the two causes of action is in the form of their statement and this difference was effected by an arbitrary separation of facts from the first action to meet the theory of the second. The facts do not admit of separation. They stand together in one record. One cause of action in the first suit and the sole cause of action in the second are, in our opinion, identical. This being true, the first action is a bar to the second and the trial court committed no error in dismissing the bill.

The decree below is affirmed.