NORMAN TOBACCO & CANDY COMPANY, Inc., Appellant,

v.

GILLETTE SAFETY RAZOR COMPANY et al., Appellees.

No. 17389.

United States Court of Appeals Fifth Circuit.

March 18, 1959.

Harry B. Cohen, Birmingham, Ala., for appellant.

Douglas Arant, John J. Coleman, Jr., Birmingham, Ala., White, Bradley, Arant, All & Rose, Birmingham, Ala., of counsel, for appellees.

Before HUTCHESON, Chief Judge, and CAMERON and BROWN, Circuit Judges.

HUTCHESON, Chief Judge.

Brought by plaintiff, a whoesaler of razor blades, razors and shaving cream, against defendant, a manufacturer of such products, the suit was for breach of an alleged requirements contract. Defendant filed a motion to dismiss and an answer denying plaintiff's claims and pleading the Alabama six year statute of limitations and the statute of frauds. It also filed a motion for summary judgment, seeking a dismissal of the action or, in the alternative, "an order specifying the facts which appear without substantial controversy and directing further proceedings as seems right."

As a result of pre-trial hearings and a hearing on the summary judgment motion, in the course of which affidavits, supported by letters and other exhibits, were filed, depositions were taken, and interrogatories answered, there was (1) an order entered on Feb. 23, 1958, pursuant to agreement of the parties stating the issues in controversy, and (2) an order,[1] entered March 17, 1958, granting in part and denying in part defendant's motion for summary judgment.

Thereafter the cause came on for trial before a judge and jury and, at the conclusion of the testimony,[2] defendant

---

1. "* * * The Court is of the opinion that, in line with its order of March 10, 1958, the plaintiff is not entitled to recover on its claims for breach of contract other than on claims based upon the tendered performance of plaintiff, and that the motion for summary judgment should be granted as to all other claims. The Court holds tendered performance to be and include orders which the plaintiff submitted to the defendant and which the defendant did not fill. The Court further holds that if plaintiff incurred any expenses proximately resulting from the breach of contract or in attempting to heal the breach, such expenses would be encompassed in plaintiff's right to recovery.

  *   *   *   *   *

"It is, therefore, Ordered, Adjudged and Decreed as follows:

"1. That the defendant's motion for summary judgment be and the same is hereby granted to the extent as above indicated, but otherwise be and the same is hereby overruled. * * *"

2. As succinctly stated in appellees brief, these are the background facts which give rise to the litigation:

Norman is a wholesaler engaged in the business of distributing to retailers in Birmingham, Jefferson County, Alabama, and its vicinity, tobacco, candy, and sundry products, including razor blades and shaving products of all kinds, which it obtains from the country's leading manufacturers with which it does business. (R. 318, 362–363.)

Gillette is a manufacturer of razor blades, razors and shaving cream at Boston, Massachusetts which it sells and distributes to wholesale and chain retail outlets in Alabama and other states. (R. 76.)

From about Oct. 30, 1946, when it was incorporated (R. 236) to August 22, 1949, Norman from time to time purchased razor blades, razors and shaving cream from Gillette (R. 261). See, e. g. Plaintiff's Exhibits 18–24, 27–34; 40–41, inclusive. Gillette also sold and continues to sell its products to a number of other wholesalers in Norman's trade territory (R. 541, 545). During the foregoing period Norman and Gillette entered into two written and printed agreements, each designated "Wholesale Sales Promotion Contract", relating to the promotion by Norman of Gillette products and the reimbursement by Gillette of such promotional expenses of Norman, dated, respectively, April 1, 1947 (Plaintiff's Exhibit 5) and

moved for a directed verdict, and, subject thereto, the cause was submitted to the jury on a general charge to determine: (1) whether there was a requirements contract as alleged by plaintiff; (2) whether within the six year limitation period plaintiff had tendered orders to Gillette and it had refused to fill them; and (3) if so, plaintiff's damage. The jury returned a general verdict for the defendant and plaintiff, appealing from the judgment entered thereon, is here presenting, under fifty-nine numbered assignments of error, what, upon examination, turn out to be four questions for review. Of the fifty-nine assignments, many of them complain of the admission or rejection of evidence and none of them contain any reference to the record in support of the claim.

Urging in effect that, under the evidence in this case, it was entitled to a jury finding in its favor, appellant attacks the verdict: (1) as completely contrary to the evidence, particularly to the promotion contract; (2) that the court in its charge incorrectly limited recoverable damages; (3) that it gave a too narrow content to tendered orders or tendering of performance by plaintiff; and (4) that the statute of limitations had been tolled by fraudulent concealment from plaintiff of its cause of action, or at least the question whether it had been so tolled, presented a question of fact for the jury.

Thus stating the questions for decision and citing in support cases where, unlike this case, valid requirements contracts were shown as matter of law, the appellant, in complete disregard of the fact: that the jury on this and on all the other issues submitted to it has found against it; that the evidence must, therefore, be taken here in the light most favorable to the verdict; West v. Greyhound Corp., 5 Cir., 254 F.2d 541; that indeed since there was no request for instructed verdict it cannot now challenge the sufficiency of the evidence on the issues submitted to the jury;[3] undertakes we think in vain to overcome the effect of the adverse verdict. Placing its reliance on the "wholesales sales promotion agreement" and professing to find in it the mutual promises and understandings which as matter of law would convert it from what on its face it shows itself to be, into the kind of contract dealt with in the cases he cites, he argues that, as matter of law, it was such a contract, and the jury had no right to find differently.

The appellee, on its part, stating the questions the appeal presents, as shown in the margin,[4] points out; that appel-

---

February 1, 1949 (Plaintiff's Exhibit 6). It is undisputed that Gillette has paid in full to Norman promotional allowances on all purchases made by Norman from Gillette following the execution of these promotion contracts. (R. 141.)

On August 22, 1949, the then stockholders of Norman, including majority stockholder E. J. Norman, disposed of their entire capital stock interest in that company to the present owners, A. L. Roseman, Ralph J. Roseman and Malvin Roseman (R. 232; 315–316). See Plaintiff's Exhibits 1 and 4. It would appear that Norman had little or no surplus at the time of the sale and that it probably was operating at a loss. (R. 192.) See Defendant's Exhibit 1. Subsequent to the sale Gillette sold no products whatsoever to Norman.

3. Tharp v. Mundy, 5 Cir., 195 F.2d 987; Employers' Liability Assur. Corp. v. Le-

jeune, 5 Cir., 189 F.2d 521; Funk v. Seaboard, 5 Cir., 212 F.2d 434; Holliday v. Great Atlantic, etc., 8 Cir., 256 F.2d 297, at page 300. Cf. Chicago, Great Western Ry. Co. v. Scovel, 8 Cir., 232 F.2d 952.

4. "(1) Whether the jury shall be sustained in its finding, either (a) that there was no valid and enforceable contract between Norman and Gillette, obligating Gillette to sell to Norman and Norman to buy from Gillette Norman's requirements for Gillette products, or (b) that if such contract ever existed it was not breached by Gillette within the six year period provided for by the applicable Alabama statute of limitations.

"(2) Whether the United States District Court shall be sustained in its ruling, in effect, that the evidence did not require submission to the jury of the claim that Gillette fraudulently concealed

lant's brief does not, by setting out or referring to the evidence on which it relies, deal at all with the fundamental issue on the appeal, whether, as claimed by it, the verdict is without support in the evidence; and that none of the legal arguments advanced by plaintiff need be considered if the jury was entitled to find on the record that there was no contract. Travelers Ins. Co. v. Warrick, 5 Cir., 172 F.2d 516. So pointing, it urges upon us that, even if it be assumed that a contract existed, this will not avail Norman unless it can also be assumed, contrary to the record, that the jury found that Norman undertook to, and did, tender performance.

■ Without setting the Sales Promotion agreement out herein, we think it is sufficient to say of it: that if it imposed any obligation at all, it was no more than that attributed to it by the court in his pretrial order. This is that, while it was in operation it would, under the holding in Howard v. Mercury Record Corp., 5 Cir., 178 F.2d 449, support claims based upon tendered performance; and that the jury verdict conclusively determined these issues against it. Nor, we think, does plaintiff stand any better on its claim that there was evidence of fraudulent concealment tolling the statute and the district judge erred in limiting its recovery to proof of orders tendered within the statutory period of limitation.

Plaintiff points to no evidence, we have found none, that could bring into play the principle of tolling it invokes. Everything that was done was under this evidence done openly. Not a shred of evidence of concealment is pointed to. The principle it invokes has been settled in

from Norman the causes of action alleged.

"(3) Whether the United States District Court shall be sustained in its ruling that no action for money had and received may be maintained by Norman for moneys paid by Norman for Gillette products not to Gillette but to independent wholesalers."

the cases, against its contention as a reference to a few of them will show.[5]

The judgment is right and it is affirmed.

5. Arkansas Natl. Gas Co. v. Sartor, 5 Cir., 78 F.2d 924; Crummer Co. v. DuPont, 5 Cir., 255 F.2d 425; Crummer Co. v. DuPont, 5 Cir., 223 F.2d 238; Fletcher v. First National Bank of Opelika, 244 Ala. 98, 11 So.2d 854; Hickok Producing & Development Co. v. Texas, 5 Cir., 128 F.2d 183.