### NORMAN TOBACCO & CANDY COMPANY, Inc., Appellant,

v.

### GILLETTE SAFETY RAZOR COMPANY et al., Appellees.

### No. 18603.

United States Court of Appeals
Fifth Circuit.

Sept. 15, 1961.

Harry B. Cohen, Birmingham, Ala., for appellant.

Douglas Arant, John J. Coleman, Jr., Birmingham, Ala., J. Vernon Patrick, Jr., Robert H. Walston, White, Bradley, Arant, All & Rose, Birmingham, Ala., of counsel, for appellees.

Before TUTTLE, Chief Judge, and CAMERON and WISDOM, Circuit Judges.

CAMERON, Circuit Judge.

This appeal presents the question whether the Court below erred in granting summary judgment in favor of Gillette Safety Razor Company and the Gillette Company, Appellees, against Norman Tobacco & Candy Company, Inc., Appellant. Appellees' motion which the District Court granted was based upon

the contentions that this civil action is barred by the Alabama Statute of Limitations of one year and that it is also barred by the judgment of the United States District Court in a companion case.[1]

The Appellee filed a Motion for Summary Judgment based upon both grounds supra. The District Court granted the motion on the limitations issue, holding that the action had been barred by the Alabama Statute of Limitations of one year. The Judge of that Court wrote an excellent opinion, now reported in 197 F. Supp. 333. We refer to that case for the Statement of Facts and we adopt Judge Grooms' opinion as the opinion of this Court and hold that, on the basis of the reasoning of that opinion, the Court correctly granted the Appellee's Motion for Summary Judgment based upon the limitations ground.

We are constrained to hold also that the present action is barred by the judgment in the companion case supra, referred to in the record and briefs as the contract case. The case now before us and the contract case were filed at the same time and in the same court. This case was running its course through the series of complaints, amended complaints, motions to dismiss and finally the Summary Judgment appealed from, at the same time the contract case was moving toward a jury trial which resulted in a verdict in favor of the Safety Razor Company and against Appellant Norman. The facts of the contract case are fully set forth in the opinion of this court.[2] A comparison of the facts there will show that the two cases involve only one claim or right of action.

For a period extending from about October 30, 1946 to about August 22, 1949, Norman was operating in Birmingham, Jefferson County, Alabama, a wholesale business of distributing to retailers tobacco, candy and sundry products, including razor blades and shaving products, some of which were purchased from Gillette Safety Razor Company. About the latter date the stockholders of the Norman Corporation sold their entire capital stock to three individuals who were the owners of it when the two civil actions were begun. Subsequent to this sale of the capital stock of Norman, Gillette sold no products to that corporation. It was this severance of the relationship theretofore existing between the Norman Corporation and Gillette Safety Razor Company on or about August 22, 1949, which furnishes the sole basis of Norman's claim against the two Gillette companies.

In the contract suit Norman's claim for damages was based entirely upon written contracts subsisting between it and Gillette, supplemented by the dealings between the parties. In the present case Norman claims damages growing out of the same severance of relationship but based, not on contract, but on the alleged breach by the Gillette Company of certain Federal Laws[3] which Norman claimed caused it to suffer damages.

It is settled, contrary to appellant's contention, that a litigant may not split his claim and have two trials on the same alleged breach of duty. Basically, Norman claimed the same "right" in both suits—the right to purchase Gillette products direct from Gillette. The only wrong charged against Gillette was its refusal to continue to deal with Norman. We held in the contract case that Norman had not shown that Gillette wrongfully refused to deal with it. There, appellant

---

1. Norman Tobacco & Candy Company, Inc. v. Gillette Safety Razor Company, Civil Action, 8459, U.S.D.C.N.D.Ala., affirmed by this Court in the same case reported in 5 Cir., 264 F.2d 751. Appellee's name was changed on or about March 26, 1952 from "Gillette Safety Razor Company" to "The Gillette Company". Thereafter, the former was merely an operating division of the latter and not a separate corporation. The Gillette Company remains therefore the only appellee and will be treated hereafter as such.

2. 5 Cir., 264 F.2d 751, 753.

3. The Sherman Act, 15 U.S.C.A. § 1 et seq., the Clayton Act, 15 U.S.C.A. § 14, and the Robinson-Patman Act, 15 U.S. C.A. § 13 et seq.

relied upon the breach of Gillette's supposed contractual relationship as the basis of its claim. Here, appellant relies upon the breach of the anti-trust laws as the basis for the alleged breach. But there was one breach and one only and appellant has had its day in court and has lost. It cannot litigate this same breach again. Ballard v. First National Bank of Birmingham, 5 Cir., 1958, 259 F.2d 681; Mendez & Company v. General Motors Corporation, 7 Cir., 1947, 161 F.2d 695, and Williamson v. Columbia Gas & Electric Company, 3 Cir., 1950, 186 F.2d 464, certiorari denied 1951, 341 U.S. 921, 71 S.Ct. 743, 95 L.Ed. 1355. The mere fact that in the case already decided Gillette's refusal to sell was alleged to have been wrongful for one reason and, in the present case for another reason, does not alter the fact that the cause of action was for the same injury. Appellant cannot get away from the fact that there has been a violation of one right by a single legal wrong. Restatement, Judgments, Sec. 63.

This court a number of years ago, Bennett et al. v. Commissioner of Internal Revenue, 5 Cir., 1940, 113 F.2d 837, 839–840, expounded the fundamental principles of res judicata:

> "Res judicata is a principle of peace. Under its influence an end is put to controversies. Parties and their privies are made to abide definitive and final judgments and litigations are concluded.

> "Res judicata rests on a rule of public policy designed to put an end to mere contentious litigations. Under that rule an issue once finally settled by the judgment of a court of competent jurisdiction, remains settled. 'Public policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest; and that matters once tried shall be considered forever settled as between the parties.' " [4]

"* * * the rule of res judicata does not go on whether the judgment relied on was a right or a wrong decision. It rests on the finality of judgments in the interest of the end of litigation and it requires that the fact or issue adjudicated remain adjudicated. It, in short, is that one, who has permitted a final judgment to go against him, is estopped, by that judgment, from contending elsewhere, against the parties to it and their privies that the fact or issue is otherwise than as there adjudged."

Under these well established principles we think that the judgment rendered in the former case is res judicata of this one. On this ground as well as on the grounds so well stated in the opinion of the court below, its judgment is

Affirmed.

---

4. Citing Baldwin v. Iowa State Traveling Men's Association, 283 U.S. 522, 51 S.Ct. 517, 75 L.Ed. 1244.