**MASSACHUSETTS BONDING & INSUR-ANCE COMPANY, Appellant,**

v.

**Mrs. Maria Consuelo Garcia Dodart DE BRAM, Etc., Appellee.**

No. 18901.

United States Court of Appeals
Fifth Circuit.

Jan. 12, 1962.

Rehearing Denied Feb. 22, 1962.

Richard C. Baldwin, W. Ford Reese, Adams & Reese, New Orleans, La., for Massachusetts Bonding & Insurance Co., appellant.

Nicholas Masters, New Orleans, La., Fred S. Bowes, Gretna, La., for appellee.

Before TUTTLE, Chief Judge, and POPE* and GEWIN, Circuit Judges.

PER CURIAM.

This is a personal injury action, in which there were three plaintiffs, the operator and two guest passengers, arising out of an automobile collision which occurred on January 21, 1959, near midnight in the vicinity of Boutte, Louisiana, on U. S. Highway 90. The trial was before a jury. Verdicts were returned in favor of the two plaintiffs who were guest passengers and against the appellant, but in favor of the appellant in the suit by DeBram, the other plaintiff, who was the operator of one of the automobiles. Appellant specifies the following errors: (a) failure to grant appellant's motion for a directed verdict at the conclusion of appellees' case; (b) failure to grant appellant's motion notwithstanding the verdict; and (c) a complete failure on the part of appellees to carry the burden of proof necessary to establish negligence on the part of the appellant's assured.

Essentially one question is presented for our decision; Was the evidence sufficient as a matter of law, to justify the submission of the case to the jury? We have concluded that there

* From the Ninth Circuit, sitting by designation.

was sufficient evidence to warrant a submission of the case to the jury.

 There were only two eye witnesses to the accident, DeBram, the operator of the automobile in which the appellees were riding as guest passengers, and Williams, the operator of the insured vehicle. There were other witnesses as to the location of the vehicles immediately after the accident, location of debris, photographs and a fairly detailed map of the section of the highway involved. The testimony of the witnesses is in hopeless conflict, but we are convinced that there was sufficient evidence to require the trial court to submit the issues involved to the jury and that the jury's verdict is supported by sufficient evidence. It is not our province to determine whether the jury could have drawn different inferences or conclusions from the evidence presented or to decide what the court might have concluded or inferred if the case had been tried without a jury. Continental Casualty Company v. Holmes, 5 Cir., 1959, 266 F.2d 269, cert. den. 361 U.S. 877, 80 S.Ct. 140, 4 L.Ed.2d 114; Gunning v. Cooley, 281 U.S. 90, 50 S.Ct. 231, 74 L.Ed. 720; DeZon v. American President Lines, Ltd., 9 Cir., 129 F.2d 404; Boston & Maine R. R. v. Cabana, 1 Cir., 148 F.2d 150, cert. den. 325 U.S. 873, 65 S.Ct. 1414, 89 L.Ed. 1991; Roth v. Swanson, 8 Cir., 145 F.2d 262, 265; Moore's Federal Practice, 2d Ed., Vol. 5, at 2314–2315; Myers v. Reading Co., 331 U.S. 477, 485, 67 S.Ct. 1334, 91 L.Ed. 1615.

We have carefully considered Deitz v. Greyhound Corporation, 5 Cir., 234 F.2d 327 and Harshberger v. Associated Transport, Inc., 2 Cir., 282 F.2d 179 (and other cases cited by appellant) which are strongly relied upon in the appellant's splendid brief. The two mentioned cases did not involve the rights of guest passengers.

 In considering all of the evidence, including the testimony of witnesses and the physical facts as shown by the exhibits and the testimony, we must construe the evidence most favorably to the appellees and give full effect to every legitimate inference therefrom and every reasonable conclusion based thereon. Carolina Life Insurance Co. et als. v. Williams, 5 Cir., 210 F.2d 477; Cert. granted, 348 U.S. 802, 75 S.Ct. 30, 99 L.Ed. 633; Phoenix Indemnity Co. of New York v. Girouard, 5 Cir., 1958, 252 F.2d 146; Fruit Industries, Inc. v. Petty, 5 Cir., 1959, 268 F.2d 391; Norman Tobacco & Candy Company, Inc. v. Gillette Safety Razor Co., 5 Cir., 1959, 264 F.2d 751.

We conclude that the court did not commit error in refusing to grant the motion for a directed verdict or in refusing to grant the motion for judgment notwithstanding the verdict. The judgment is

Affirmed.