Robert E. TOWLE et al., Appellants,

v.

BOEING AIRPLANE COMPANY, a Corporation, Appellee.

No. 18191.

United States Court of Appeals Eighth Circuit.

Aug. 26, 1966.

Harding A. Orren of Robins, Davis & Lyons, Minneapolis, Minn., for appellants. S. Robins and John F. Eisberg, of Robins, Davis & Lyons, Minneapolis, Minn., were with him on the brief.

William P. O'Brien, of Sullivan, McMillan, Hanft & Hastings, Duluth, Minn., for appellee.

Before VAN OOSTERHOUT and BLACKMUN, Circuit Judges, and HARPER, District Judge.

VAN OOSTERHOUT, Circuit Judge.

This is an appeal by eight named individual plaintiffs and Como Oil Company, hereinafter collectively called appellants, from summary judgment dismissing their complaint against defendant Boeing Airplane Company on the ground of res judicata.

Appellants and John A. O'Malley and V. J. Pedrizetti, Trustees in Dissolution of Atlas Helicopter Service Inc., had joined in bringing an action against defendant Boeing seeking damages for fraud and breach of implied warranty by Vertol Aircraft Corporation in the sale of a helicopter. Vertol was merged into Boeing with Boeing assuming all liabilities of Vertol. In the first count of the amended complaint, which is the complaint here dismissed, the individual appellants sought damages for fraud and breach of warranty. In three subsequent counts, the liquidating trustees of Atlas in the alternative sought recovery for breach of warranty and fraud in connection with the purchase of the same helicopter.

Prior to the trial of Atlas trustees' suit, the court granted severance of the individual claims and the corporate claims. The trial court in the case now before us states: "That ruling did not pass on the issue of whether the two sets of claims were independent or duplicitous." We agree.

After severance and trial to a jury, the Atlas trustees were awarded a judgment for $180,295.23. We affirmed. Boeing Airplane Co. v. O'Malley, 8 Cir., 329 F.2d 585. Our opinion sets forth the factual background of this litigation in detail. The trial court in our present case as a basis for dismissing appellants' complaint states:

"Simply put, the transactions between Vertol and the plaintiffs may be viewed in two ways. The plaintiffs may be considered as the promoters of Atlas entering an agreement subsequently ratified by Atlas, or they may be treated as a group of individuals who purchased the helicopter (or invested in the corporation established for that purpose).

"The choice of theories determines the technically proper plaintiff, but the real parties in interest and the cause of action are identical under both theories. The two causes of action could only be pleaded in the alternative, as the amended complaint did.

"All matters now pressed were litigated in the earlier lawsuit and the plaintiffs are bound by that judgment as to the amount of recoverable damages. Further action is barred by the doctrine of res judicata, since the current plaintiffs were obviously privies to Atlas with respect to this cause of action. The defendant's motion for summary judgment must, therefore, be granted."

██ The term res judicata is frequently used to cover merger, bar, collateral estoppel and direct estoppel. See Lawlor v. National Screen Service, 349 U.S. 322, 326, n. 6, 75 S.Ct. 865, 99 L. Ed. 1122. Here, as in Engelhardt v. Bell & Howell Co., 8 Cir., 327 F.2d 30, we adopt Professor Vestal's more precise and helpful descriptive words of claim preclusion and issue preclusion, which he defines thusly:

"The concept of res judicata, which is not at all a simple one, encompasses at least two distinct facets. For the sake of clarity it is desirable to distinguish the foreclosing of further litigation on a cause of action (which may be called claim preclusion) from the preclusion of further litigation of an issue (which may properly be called issue preclusion)." Vestal, Preclusion/ Res Judicata Variables, April 1965 issue Washington University Law Quarterly, p. 158.

■ A reading of the trial court's opinion makes it entirely clear that the decision is based upon the claim preclusion type of res judicata. With respect to such type of res judicata, the Supreme Court in Lawlor v. National Screen Service states: "Thus, under the doctrine of res judicata, a judgment 'on the merits' in a prior suit involving the same parties or their privies bars a second suit based on the same cause of action." 349 U.S. 322, 326, 75 S.Ct. 865, 867.

■ The law of res judicata/claim preclusion is well established. Whenever a court having jurisdiction has rendered a final judgment upon the merits of a cause of action, that judgment is binding upon the parties and their privies not only as to every matter that was litigated but also to every matter which could have been litigated. In event of subsequent litigation upon the same cause of action, the parties and their privies are precluded from receiving relief. Tait v. Western Md. Ry. Co., 289 U.S. 620, 623, 53 S.Ct. 706, 77 L.Ed. 1405; Baltimore S.S. Co. v. Phillips, 274 U.S. 316, 319, 47 S.Ct. 600, 71 L.Ed. 1069; Cromwell v. County of Sac, 94 U.S. 351, 352, 24 L.Ed. 195; Engelhardt v. Bell & Howell Co., 8 Cir., 327 F.2d 30, 32; Rhodes v. Meyer, 8 Cir., 334 F.2d 709, 712; Guettel v. United States, 8 Cir., 95 F.2d 229, 230, 118 A.L.R. 1060.

In *Engelhardt*, supra, we cited and discussed numerous cases dealing with the problem of what constitutes a cause of action and the tests for comparing causes of action. We there stated: "The primary test for comparing causes of action has long been whether or not the primary right and duty, and the delict or wrong combined are the same in each action." 327 F.2d 30, 32. We also held that the same evidence test may well be valid as a positive test but that it is not conclusive as a negative test.

■ It is well settled that a litigant cannot split his claim and have two trials upon the same alleged breach of duty. Baltimore S.S. Co. v. Phillips, 274 U.S. 316, 320, 47 S.Ct. 600, 71 L.Ed. 1069; Engelhardt v. Bell & Howell Co., supra; Norman Tobacco & Candy Co. v. Gillette Safety Razor Co., 5 Cir., 295 F. 2d 362, 363.

■ The asserted wrong in our present case is the injury caused individual plaintiffs by Vertol's fraud and breach of warranty in the sale of the helicopter. In the prior action in which the trustees prevailed, the cause of action was based upon fraud and breach of warranty in connection with the same helicopter sale. The Atlas corporation was not formed until after the purchase of the helicopter had been arranged. As observed by the trial court, there may be considerable uncertainty as to whom is the real party in interest, the individuals or the corpo-

ration. This likely was the reason for the plaintiffs bringing the action in the alternative. Rule 17(a) requires prosecution by the real party in interest. The present appellants actively participated in the action resulting in the favorable judgment for the trustees and in so doing are in no position to challenge the status of the corporation as the real party in interest. The trial court found that appellants were privies to the Atlas trustees with respect to the former cause of action. In Crane Boom Life Guard Co. v. Saf-T-Boom Corp., 8 Cir., 362 F.2d 317 (June 30, 1966), we said: "Who are privies ordinarily presents a question of fact requiring examination of the circumstances of each case as it arises. 30A Am.Jur. Judgment § 399; 50 C.J.S. Judgment § 788."

Here appellants were closely connected with Atlas as controlling stockholders, directors and officers of Atlas. They have wholly failed to demonstrate that the court's finding of privity is clearly erroneous.

Appellants assert that the false representations upon which they rely fall into two categories, to wit, (1) that the helicopter would perform as represented, and (2) that there was a market for profitable operation of the helicopter in the gulf coast area. They particularly urge that the category (2) representations were made to the individual appellants and that such representations differ significantly from the claim that was litigated in the prior action.

The record discloses that the individuals' count and the corporate counts were amended by a supplement to amended complaint filed in response to an order requiring plaintiffs to make their fraud allegations more specific. Such supplement contains allegations of fraud falling in both categories. Moreover, the corporate complaint and the individual complaint each seek damages for something over $400,000, considerably more than the purchase price of the helicopter. The damage instructions in the prior case were broad and did not limit damages to the difference between the value of the helicopter as warranted and as delivered. In summing up the damage instruction, the court stated: "Generally, as I have suggested, in actions of this kind damages which may be recovered are those damages which are a natural, direct or proximate result of the alleged fraud or breach of implied warranty."

Plaintiffs' exhibit XVI, which sets forth the individual investments, the income and expenses of the helicopter operation and obligations remaining for financing the purchase of the helicopter was in evidence and was used as a basis for argument to the jury.

In the former case the jury found for Atlas on the warranty issue but not upon the fraud issue. Boeing appealed and Atlas took a protective cross appeal "for the purpose of obtaining a new trial on the issue of fraud and misrepresentation in the event this Court should grant a new trial of the issue of implied warranty of fitness for the particular purpose."

If the individual complaint does in fact contain allegations of fraud not contained in Atlas' complaint, the result is no different. The cause of action remains the same cause of action. Parties cannot split their cause of action and they cannot try their case piecemeal. Additional allegations of fraud here are analogous to the additional allegations of negligence attempted in Baltimore S.S. Co. v. Phillips, supra. In that case, the Court in holding the action barred for res judicata, states:

"A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show. The number and variety of the facts alleged do not establish more than one cause of action so long as their result, whether they be considered severally or in combination, is the violation of but one right by a single legal wrong. The mere multiplication of grounds of negligence alleged as causing the same injury does not result in multiplying the causes of action. 'The facts are merely the means, and not the end. They do not constitute the cause of

action, but they show its existence by making the wrong appear. "The *thing*, therefore, which in contemplation of law as its *cause*, becomes a ground for action, is not the group of *facts* alleged in the declaration bill, or indictment, *but the result of these in a legal wrong, the existence of which, if true, they conclusively evince."* ' Chobanian v. Washburn Wire Company, 33 R.I. 289, 302, 80 A. 394, 400 (Ann.Cas.1913D, 730).

"The injured respondent was bound to set forth in his first action for damages every ground of negligence which he claimed to exist and upon which he relied, and cannot be permitted, as was attempted here, to rely upon them by piecemeal in successive actions to recover for the same wrong and injury." 274 U.S. 316, 321–322, 47 S.Ct. 600, 602–603.

See Hutchinson v. Sperry, 3 Cir., 1 F.2d 302.

We hold that the cause of action here asserted is the same cause of action adjudicated in Boeing Airplane Co. v. O'Malley, 8 Cir., 329 F.2d 585. The complaint was properly dismissed on the ground of res judicata/claim preclusion.

Affirmed.