James Darwin STEPHENS, Lieutenant Colonel, Infantry, United States Army Reserve, Army Serial Number O–359676, Plaintiff,

v.

Stanley R. RESOR, Secretary of the Army, Department of Defense, United States of America, Defendant.

No. 2068.

United States District Court, E. D. Kentucky, Lexington Division.

March 31, 1970.

Paul E. Hayes, Joe P. Tackett, C. Kilmer Combs, Prestonsburg, Ky., Julius Rather, Lexington, Ky., for plaintiff.

Eugene E. Siler, Jr., U. S. Atty., Lexington, Ky., for defendant.

MEMORANDUM

SWINFORD, District Judge.

In the present action the plaintiff seeks to have his name placed on the Army Disability Retired list and a declaration that his discharge by the Army was null and void.

The Government has moved to dismiss on the grounds that the present action is barred by the Doctrine of Res Judicata, or in the alternative for summary judgment. The government contends that these matters were raised and adjudicated by the plaintiff in the case of Stephens v. United States, 358 F.2d 951, 174 Ct.Cl. 365 (1966), wherein judgment was rendered against Stephens, the plaintiff in the present suit.

The plaintiff was commissioned as a Second Lieutenant on September 8, 1937, and discharged as a Lieutenant Colonel on May 31, 1954. He claims that he was disabled at the date of his discharge, and that the medical examination, finding him physically fit and qualified for military service, was arbitrary and capricious. The medical examination was conducted prior to his release and took note of his past ailments and complaints.

The Court of Claims, in the suit of February 18, 1966, determined that the

plaintiff was not entitled to disability retirement pay, as the military's finding of physical fitness was not affirmatively shown to be arbitrary or capricious.

Plaintiff based a second claim for disability retirement on a heart attack which he sustained while on a summer tour of active Reserve duty. 10 U.S.C. ss. 1204 provides for disability retirement in the case of armed service members who have served on active duty for a period of 30 days or less. However, in order to be eligible under ss. 1204 the disability complained of must have resulted from an "injury". The plaintiff had suffered a myocardial infarction and the Court of Claims noted that in the case of Gwin v. United States, 137 F.Supp. 737, 133 Ct.Cl. 749 (1956) it was decided a myocardial infarction should be defined, in common parlance, as a "disease" rather than an "injury". Accordingly the plaintiff's second claim was denied.

The plaintiff acquiesces in his answer to the motion to dismiss that any further pursuit of the aforementioned claims would be barred by the Doctrine of Res Judicata. It is argued that the additional claim in the present suit (the validity of the discharge) was not decided by the Court of Claims, and consequently should not be precluded from judicial determination.

Although the Court of Claims did not specifically engage this question it did note that the absence of formal orders specifically relieving the plaintiff from active duty should not vitiate the legality of the discharge (Stephens v. United States, 358 F.2d 951, 956 (1966)). Plaintiff was processed under the provisions set out in Section 15 of Army Regulation 40–212. There appears to be no authority that a formal order other than the process outlined in ss. 15 of A.R. 40–212 is required to be issued upon discharge.

The plaintiff had an opportunity to, and did argue these matters in his case before the Court of Claims. Any further litigation could only lead to confusion and would be a waste of the court's as well as the parties' time. In Towle v. Boeing Airplane Company, 8 Cir., 364 F.2d 590, 592 (1966) the court stated:

"Whenever a court having jurisdiction has rendered a final judgment upon the merits of a cause of action, that judgment is binding upon the parties and their privies not only as to every matter that was litigated but also to every matter which could have been litigated."

The essential requirements of the Doctrine of Res Judicata are that: (1) there be a final judgment; (2) identity of parties; and (3) identity of subject matter.

These three elements are apparent in the present case. The motion to dismiss should be granted.

An order in accordance with this memorandum is this day entered.