9 F.3d 1552
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gerald W. MARSTAELLER, Plaintiff-Appellee,
v.
MONTANA RAIL LINK, a corporation, Defendant-Appellant.
 No. 92-35406.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 3, 1993.*
Decided Nov. 9, 1993.
 
 1
 Before: TANG, FARRIS, and RYMER, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Montana Rail Link appeals the district court's judgment following a jury trial in favor of Gerald W. Marstaeller in Marstaeller's action under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51-60, alleging that injuries Marstaeller suffered in two separate accidents were caused by Montana Rail's negligence. The jury found that Montana Rail's negligence caused both accidents and that Marstaeller was not contributorily negligence. On appeal, Montana Rail challenges the district court's denial of a motion for a judgment notwithstanding the verdict as to the first accident, and its denial of a motion for a new trial as to both accidents. Montana Rail further argues that the jury's damage award of $840,000 was excessive. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.
 
 
 4
 * Montana Rail claims that the district court should have granted a judgment notwithstanding the verdict for the May 5, 1988 accident involving the hydraulic jack. A JNOV is proper if the evidence, construed in the light most favorable to the non-moving party, permits only one reasonable conclusion as to the verdict, and that conclusion is contrary to the jury's. Fleming v. Department of Pub. Safety, 837 F.2d 401, 408 (9th Cir.), cert. denied, 488 U.S. 889 (1988). We review the denial of a JNOV de novo. Erickson v. Pierce Co., 960 F.2d 801, 804 (9th Cir.), cert. denied, 113 S.Ct. 815 (1992).
 
 
 5
 According to Montana Rail, there was no proof of its negligence and ample proof that Marstaeller was contributorily negligent. As the district court noted, however, there was conflicting testimony as to whether Marstaeller was warned to stand clear of the danger zone, and whether there were safer ways to operate the jack. Even slight evidence of negligence is sufficient to raise a jury question in FELA cases. Mendoza v. Southern Pac. Transp. Co., 733 F.2d 631, 633 (9th Cir.1984).
 
 
 6
 In addition, there was no explanation at trial as to why the sill chain broke. Relying on Dessi v. Pennsylvania Railroad, 251 F.2d 149 (3d Cir.), cert. denied, 356 U.S. 967 (1958), Montana Rail argues that Marstaeller was required to show some defect in the chain and he did not do so. This reliance is misplaced because Dessi is distinguishable in two ways: First, there was no evidence of what occurred or why, and second, Dessi was not a failure to warn case. Here there was evidence that the jack should have been secured to the rail, and that Marstaeller was not warned.
 
 
 7
 Montana Rail is really arguing that the jury should have believed its witnesses rather than those presented by Marstaeller. However, the court "must not substitute its own credibility assessment and its weighing of the evidence for the jury's; it must limit itself to determining whether the jury's verdict is supported by substantial evidence." McGhee v. Arabian Am. Oil Co., 871 F.2d 1412, 1416 (9th Cir.1989).
 
 
 8
 Based upon the district court's instructions and the evidence presented, the jury could reasonably find that Montana Rail's negligence caused the May 5 accident, and that Marstaeller was not contributorily negligent. The district properly denied Montana Rail's motion for a JNOV.
 
 II
 
 9
 Montana Rail next claims that the district court should have granted a new trial as to both accidents because the jury disregarded evidence of Marstaeller's contributory negligence. The district court may order a new trial only if it finds the jury's verdict was "clearly contrary to the weight of the evidence." William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 668 F.2d 1014, 1027 (9th Cir.1981), cert. denied, 459 U.S. 825 (1982). The denial of a motion for a new trial is reviewed for abuse of discretion. Hard v. Burlington N.R.R., 812 F.2d 482, 483 (9th Cir.1987).
 
 
 10
 With respect to the May 5 accident, Montana Rail claims that Marstaeller stood within fifteen feet of the hydraulic jack despite Thompson's warnings to stay clear of the rerailing operation. It further argues that even if no warnings had been given, Marstaeller still knew that the carmen were having trouble rerailing the car because of the muddy conditions, and that the jack had popped out on several occasions. However, there was conflicting testimony regarding whether a warning was ever given, where Thompson was standing when the jack struck Marstaeller, and the number of other workers who were also in that area.
 
 
 11
 As for the accident on September 5, 1988, Montana Rail concedes that the negligence of one of its employees may have caused the row of railroad cars to break loose. It argues that Marstaeller acted unreasonably by waiting fifteen seconds to get out of the way. We disagree. As the district court noted, it was approaching dusk when the cars broke loose, and Marstaeller only identified a problem when he noticed shadows moving in the distance. The evidence also shows that Marstaeller radioed the engineer to warn him of the oncoming cars. In so doing, he saved the engineer from injury and prevented the runaway cars from colliding with the locomotive. Under these circumstances, the jury could find that Marstaeller acted reasonably. See Chicago Great W. Ry. v. Scovel, 232 F.2d 952, 957 (8th Cir.) (when confronted with a sudden emergency, employee cannot be charged with primary or contributory negligence for injury that occurs while trying to rescue fellow worker or save employer's property), cert. denied, 352 U.S. 835 (1956).
 
 
 12
 We also note that the district court carefully instructed the jury on the issue of contributory negligence for both accidents. The jury used a special verdict form agreed upon by both parties. Each count contained a special interrogatory asking whether the jury believed Marstaeller was negligent in a particular respect. The jury specifically considered each of these questions and found for Marstaeller. These findings were not clearly against the weight of the evidence. Therefore, the district court did not abuse its discretion in denying Montana Rail's motion for a new trial.
 
 III
 
 13
 Finally, Montana Rail contends that a new trial was appropriate because the jury's damage award was excessive. The jury's finding of damages must be upheld unless "the amount is clearly not supported by the evidence and is grossly excessive, monstrous, or shocking to the conscience." Gilchrist v. Jim Slemons Imports, Inc., 803 F.2d 1488, 1501 (9th Cir.1986).
 
 
 14
 Marstaeller's proven economic losses were $337,000, and the jury awarded him a total of $840,000. As the district court noted, Marstaeller presented substantial evidence on the extent of his injuries and the considerable pain that he suffers from his "reflex sympathetic dystrophy." Montana Rail presented little evidence and no medical expert to refute Marstaeller's claim that he suffers from this condition. In addition, the jury had the opportunity to observe Marstaeller throughout the trial.
 
 
 15
 While somewhat surprised by the jury's verdict, the district court did not find the verdict shocking. We agree that an award of $503,000 for Marstaeller's bodily injuries and resulting pain and suffering was not grossly excessive. The district court properly denied Montana Rail's motion for a new trial on this ground.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3